T.C. Summary Opinion 2009-47


UNITED STATES TAX COURT


MARK LAVERN AND SHERYL L. SQUIER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2896-07S.                    Filed March 30, 2009.


Mark Lavern and Sheryl L. Squier, pro sese.

H. Elizabeth Downs, for respondent.


GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. Unless otherwise

indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession, respondent's motion for summary judgment raises the following issues: (1) Whether petitioners underreported income and overstated deductions for 2000, 2001, and 2002 with respect to their nail kit business; and (2) whether petitioner husband is liable for the fraud penalty under section 6663 for the 3 years at issue.

## Background

Petitioners resided in Oklahoma when they filed their petition. Petitioners are deemed to have admitted under Rule 37(c) the following facts.

Mark Lavern Squier (petitioner) is a former Internal Revenue Service (IRS) employee and was employed in Oklahoma City, Oklahoma, during the years in issue and until April 8, 2005. During 2000, 2001, and 2002 petitioners operated a business under the name of "Nails by Ruby Crystal." The business sold nail kits consisting of various applications for fingernails and a carpet cleaning solution. They made their sales generally from booths they set up at public events and at shopping malls.

Both petitioners participated in selling the products. However, petitioner was responsible for all other aspects of conducting the business, including purchasing inventory,

recordkeeping, and banking. Petitioner prepared their joint Federal income tax returns for 2000, 2001, and 2002. Petitioner prepared the returns by hand at home and brought them to the Oklahoma City IRS office where he electronically filed the returns.

Respondent selected petitioners' 2000, 2001, and 2002 joint Federal income tax returns for review. With respect to the nail kit business, petitioner failed to report income accurately on Schedule C, Profit or Loss From Business, as follows.

Petitioner reported Schedule C income of $62,935, $36,492, and $28,476 for 2000, 2001, and 2002, respectively. Using a bank deposits analysis, the IRS determined the correct income was $73,619, $68,011, and $55,651 for 2000, 2001, and 2002. Petitioner fraudulently with an intent to evade tax omitted income of $10,684, $31,519, and $27,175 for 2000, 2001, and 2002, respectively.

Regarding Schedule C cost of goods sold, petitioner reported $30,615, $19,072, and $27,220, for 2000, 2001, and 2002, when the correct amounts were $25,693, $15,841, and $14,285, respectively. Petitioner overstated cost of goods sold by $4,922, $3,231, and $12,935 for the 3 years at issue.

Additionally, petitioner fraudulently with an intent to evade tax claimed false Schedule C deductions for the 3 years, as follows.

Petitioner overstated car and truck expenses by $2,861, $3,601, and $2,947, by claiming deductions of $7,904, $7,355, and $7,139 when the correct amounts were $5,043, $3,754, and $4,192 for 2000, 2001, and 2002, respectively.

Petitioner overstated travel expenses by $2,582, $2,488, and $1,979, by claiming deductions of $3,393, $2,488, and $2,640 when the correct amounts were $811, $0, and $661 for 2000, 2001, and 2002, respectively.

Petitioner overstated other expenses by $4,735, $367, and $1,491 by claiming deductions of $15,913, $9,593 and $11,334 when the correct amounts were $11,178, $9,226, and $9,843 for 2000, 2001, and 2002, respectively.

Respondent determined petitioners are entitled to meals and entertainment deductions of $900 for each year at issue and a commissions and fees deduction of $13,592 for 2000.

As a result of petitioner's understatements of income and overstatements of deductions, petitioner substantially underreported the business's profits by $36,768, $38,064, and $42,955 for 2000, 2001, and 2002, respectively.

In an attempt to hide the true income from the IRS, petitioner used his home copier to alter the business's bank account statements for February, March, April, September, October, November, and December 2002. Petitioner submitted the fraudulent, altered documents to the IRS examiner during the

audit. Moreover, petitioner failed to keep adequate books and records for the business for the years at issue. Petitioner later admitted to other IRS agents that he altered the bank documents.

Respondent's adjustments caused mathematical increases to petitioners' self-employment tax for each year, which in turn increased petitioners' self-employment adjustments on page 1 of their joint Forms 1040, U.S. Individual Income Tax Return. Additionally, respondent increased petitioners' total income for 2001 by $197 to include a State income tax refund that petitioner had omitted.

In summary, the adjustments caused increases to petitioners' joint Federal income tax liabilities by $10,706, $14,698, and $17,111 for 2000, 2001, and 2002, respectively. Petitioner had reported $1,156, $4,057, and $3,896 when the correct tax liabilities were $11,862, $18,755, and $21,007, respectively, for 2000, 2001, and 2002.

Respondent issued separate notices of deficiency dated November 8, 2006, to each petitioner, but confusingly addressed each separate notice in petitioners' joint names. The difference between the two notices was that with respect to petitioner, respondent determined fraud penalties under section 6663, while with respect to petitioner wife respondent determined accuracy-related penalties under section 6662(a), as follows:

| Year | Joint Deficiency | Fraud Penalty Sec. 6663 | Accuracy-Related Pen. Sec. 6662(a) |
|------|------------------|--------------------------|-------------------------------------|
| 2000 | $10,706 | $8,029.50 | $2,141.20 |
| 2001 | 14,698 | 11,023.50 | 2,939.60 |
| 2002 | 17,111 | 12,833.25 | 3,422.20 |

Petitioners timely petitioned the Court and attached the notice of deficiency addressed jointly to petitioners but which respondent intended separately for each petitioner.  In paragraph 4 of the petition, petitioner set forth the following reasons he believes they are entitled to relief:

> I WAS NOT ALLOWED SUFFICIENT BUSINESS DEDUCTIONS.  I BELIEVE I SHOULD RECEIVE A DEDUCTION IN DEFICIENCY.  I CAN PROVIDE PROOF [SIC] THAT THE AMOUNT OF BUSINESS EXPENSES I WAS ALLOWED WAS FAR LESS THAN WAS ACTUALLY INCURRED.  ALSO, I WAS ASSESSED A FRAUD PENALTY OF ALL THREE YEARS BUT SHOULD ONLY HAVE FRAUD PENALTY FOR ONE YEAR.

Respondent filed an answer on April 6, 2007, setting forth affirmative allegations in subparagraphs a. through ee., inclusive of paragraph 6 of the answer.

Petitioners failed to file a reply to respondent's answer. In a letter dated June 11, 2007, respondent informed petitioners that Rule 37(a) required a response from petitioners to the affirmative allegations before July 5, 2007, or respondent would file a motion for entry of an order that the undenied allegations in the answer be deemed admitted if petitioners made no response. Petitioners did not file a response.

In accordance with Rule 37(a), on June 28, 2007, respondent filed a motion for entry of order that undenied allegations in the answer be deemed admitted pursuant to Rule 37(c). Additionally, on June 28, 2007, the Clerk of the Court served petitioners with a notice of filing of the motion for order under Rule 37.  In the second paragraph of the notice the Clerk informed petitioners that if they filed a reply as required by Rule 37(a) and (b) on or before July 19, 2007, respondent's motion would be denied, but if not, the Court would grant respondent's motion and deem admitted the affirmative allegations.  Petitioners failed to file a reply, and on August 20, 2007, the Court granted the motion.

In a notice dated January 9, 2008, the Clerk served the parties with a "Notice Setting Case for Trial" at a session beginning on June 9, 2008, in Oklahoma City, Oklahoma. Subsequently on April 4, 2008, respondent filed the motion for summary judgment.  In the motion, because of the confusion respondent caused by the joint names on the notices, respondent conceded the section 6662(a) accuracy-related penalties as to petitioner wife.

The Court ordered that petitioners file a written response on or before April 30, 2008.  Because petitioners failed to file a written response, the Court set respondent's motion for summary judgment for hearing at the Oklahoma City, Oklahoma, trial

session beginning on June 9, 2008, thus affording petitioners an opportunity to be heard. When the case was called from the calendar on June 9, 2008, there was no appearance by or on behalf of petitioners. Respondent's counsel appeared and was heard. The Court took respondent's motion for summary judgment under advisement.

## Discussion

The first issue for decision is whether we should grant respondent's motion for summary judgment as to the deficiencies for the years in issue.

When the pertinent facts are not in dispute, a party may move for summary judgment to expedite the litigation and avoid an unnecessary and potentially expensive trial. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment is appropriate when no genuine issue exists as to any material fact and when the Court may render a decision as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The party moving for summary judgment (in this instance, respondent) bears the burden of showing that no genuine issue exists as to any material fact and the Court will draw factual inferences in the manner most favorable to the party opposing summary judgment (here, petitioners). New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. __, __ (2008) (slip op. at 6).

Respondent's bank deposits analysis presents prima facie evidence of income. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Respondent further supports his motion for summary judgment with petitioners' failure to answer the affirmative allegations in the answer. Respondent alleged that petitioners fraudulently understated income and overstated deductions with respect to the nail kit business. Because petitioners failed to deny or object to these allegations, and because respondent timely moved for their admission, the undenied affirmative allegations are deemed admitted under Rule 37(c). It is well settled that facts deemed admitted under Rule 37(c) are considered conclusively established even where the Commissioner bears the burden of proof. Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985). Therefore, we find the admissions are adequate to support respondent's burden of proving no genuine issue of material fact exists as to the deficiency determinations. Accordingly, as a matter of law, respondent is entitled to summary adjudication with regard to the deficiencies for the years at issue.

The second issue is whether we should grant respondent's motion for summary judgment as to the section 6663 civil fraud penalties.

Section 6663(a) imposes a penalty equal to 75 percent of the portion of any underpayment attributable to fraud. The

Commissioner bears the burden of proving by clear and convincing evidence that an underpayment exists and that some portion of the underpayment for each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); see also sec. 7491(c).

Fraud is an actual wrongdoing with an intent to evade a tax believed to be owing. Marshall v. Commissioner, supra at 272-273. Fraud is never presumed and must be established by independent evidence of fraudulent intent. Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). Accordingly, the existence of fraud is a question of facts and circumstances that a court must consider on the basis of an examination of the entire record and the taxpayer's entire course of conduct, Petzoldt v. Commissioner, supra at 699, including the taxpayer's background, education, and experience, Niedringhaus v. Commissioner, 99 T.C. 202, 211 (1992).

The Commissioner's burden of proving fraud may be met with facts deemed admitted pursuant to Rule 37(c). Doncaster v. Commissioner, 77 T.C. 334, 337 (1981). Because fraud can seldom be established by direct proof, the requisite intent may be inferred from any conduct the likely effect of which would be to conceal, mislead, or otherwise prevent the collection of taxes the taxpayer knew or believed he owed. Spies v. United States,

317 U.S. 492, 499 (1943); Rowlee v. Commissioner, 80 T.C. 1111, 1123-1124 (1983).

Courts have developed several objective "badges" of fraud, including: (1) Understatement of income; (2) inadequate records; (3) failing to file tax returns; (4) providing implausible or inconsistent explanations of behavior; (5) concealment of assets; (6) failing to cooperate with taxing authorities; (7) filing false Forms W-4, Employee's Withholding Allowance Certificate; (8) failing to make estimated tax payments; (9) dealing in cash; (10) engaging in a pattern of behavior that indicates an intent to mislead; and (11) filing false documents. Niedringhaus v. Commissioner, supra at 211. No single factor is necessarily sufficient to establish fraud; however, a combination of several of these factors may be persuasive evidence of fraud. Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), affg. per curiam T.C. Memo. 1982-603.

Petitioners' deemed admissions of facts evidenced numerous badges of fraud: (1) Petitioner fraudulently understated income and overstated deductions for all years at issue with respect to the nail kit business; (2) he failed to maintain adequate records for all 3 years; (3) he used his home copier to alter bank statements which he provided to the IRS in an attempt to evade tax; (4) he failed to cooperate with respondent and was nonresponsive throughout the litigation, failing even to appear

at his own hearing; and (5) he possessed greater than average knowledge of the requirements of the Internal Revenue Code because of his years of employment with the IRS.

The facts deemed admitted under Rule 37(c) amply satisfy respondent's burden of proof. See <u>Doncaster v. Commissioner</u>, <u>supra</u> at 337. We are convinced that the totality of the evidence establishes the existence of fraud under section 6663 for 2000, 2001, and 2002. Accordingly, because there are no material facts in dispute and because respondent has satisfied the burden of proof, we grant respondent's motion for summary judgment with respect to the fraud penalties for all 3 years at issue.

To reflect our disposition of the issues,

<u>An appropriate order and decision will be entered for respondent</u>.